RECEIVED
JAN 2 7 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| RENEE MCDONALD | * | CIVIL ACTION NO. 05-2228 |
|---|---|---|
| VERSUS | * | JUDGE MELANÇON |
| ACADEMY, LTD., d/b/a ACADEMY SPORTING GOODS, STORE NO. 54 | * | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

Pending before the undersigned for report and recommendation is the Motion to Dismiss filed by Academy Louisiana Company, LLC, d/b/a Academy Sports and Outdoors on December 28, 2005. [rec. doc. 9]. For those reasons set out below, **IT IS RECOMMENDED** that the attempted citation and service directed to Academy, Ltd. via CT Corporate Systems should be **quashed**, and the Motion to Dismiss for insufficiency of citation and service of process should be **DENIED** at this time **Without Prejudice**.

## BACKGROUND

Plaintiff, Renee McDonald ("McDonald"), filed the instant personal injury action on September 1, 2005 in state court seeking damages for alleged injuries sustained while shopping at the Academy Sporting Goods store located in Lafayette Parish, when a weight bench on which she was sitting collapsed. The action names Academy, Ltd., d/b/a Academy Sporting Goods, Store No. 54 as the sole defendant. Citation was issued to Academy, Ltd. on November 17, 2005. [rec. doc. 2]. That citation was served on CT

Corporate Systems, that entity's alleged agent for service of process on November 29, 2005. [rec. doc. 3]. After obtaining an extension of time within which to file responsive pleadings, the action was removed to this court by Academy Louisiana Company, LLC, d/b/a Academy Sports and Outdoors ("Academy") on December 27, 2005. [rec. docs. 4 and 5]. The instant Motion was filed on December 28, 2005.

By this Motion, Academy complains that McDonald improperly cited and served process on an incorrect Academy entity, namely, Academy, Ltd., through the agent for service of process for the proper entity which is not named as a defendant in this lawsuit, Academy Louisiana Company, LLC, d/b/a Academy Sports and Outdoors, CT Corporate Systems. Thus, Academy contends that citation and service of process are insufficient. Academy therefore requests that McDonald be required to properly cite and serve Academy, and in the event plaintiff fails to do so, that this action be dismissed for insufficient citation and service of process.

## LAW AND ANALYSIS

It is undisputed that there are two legal entities involved in this dispute, Academy, Ltd., which allegedly does not operate in Louisiana but is admittedly a "member" of Academy Louisiana Company, LLC and Academy Louisiana Company, LLC, which admittedly operates the Academy stores in Louisiana, including the Lafayette store in which plaintiff claims to have been injured. In this Motion, Academy admits that the proper corporate defendant in this action is Academy Louisiana Company, LLC, d/b/a

Academy Sports and Outdoors, whose registered agent for service of process is CT Corporate Systems. It is clear from the record in this case that McDonald has not named the proper Academy entity in the complaint, and has not properly cited and served that proper Academy entity with process.

Service on a subsidiary is generally insufficient to effect service on the parent corporation. *Blades v. Illinois Central Railroad Company*, 2003 WL 1193662, *2 (E.D.La. 2003) citing Wright & Miller, 4A *Federal Practice & Procedure* §1104, at 592 (2002), and *Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634 (1925). Absent evidence that the corporations are not independently operated, the legal distinctness of the legal entities will be preserved. *Id.* citing *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1159-60 (5th Cir.1983).

There is no evidence to suggest that these two corporations are not separate and independent entities, or that they have done anything so as to deprive themselves of the legal distinctness to which they are otherwise entitled. Thus, the legal distinctness of these legal entities is preserved, and service on one is not legally sufficient service on the other. See *Blades*, 2003 WL 1193662, at *2-3. Accordingly, and based on the foregoing, the Court concludes that the citation and service on Academy is insufficient.

"Upon determining that process has not been properly served on a defendant, district courts possess broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process. However, dismissal of a

complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained." *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3rd Cir.1992); *Rhodes v. J.P. Sauer & Sohn, Inc.*, 98 F.Supp.2d 746, 750 (W.D.La. 2000) (the "general rule" is that "when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant.") citing 5A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE §1354, at 289-290 (West 1990).[1]

Academy requests that this court order McDonald to properly cite and serve the proper entity, and that this lawsuit be dismissed for insufficient citation and service only in the event that proper citation and service not be effected. Moreover, under the circumstances presented herein, there is a reasonable prospect that proper citation and service may yet be obtained. Thus, the undersigned recommends that this action not be dismissed. Rather, the undersigned recommends that the citation and service directed to Academy, Ltd. via CT Corporate Systems should be quashed, and that McDonald be allowed the opportunity to amend her Complaint to name the proper Academy entity, Academy Louisiana Company, LLC, d/b/a Academy Sports and Outdoors, and be afforded a reasonable time thereafter to properly cite and serve this correct entity through its registered agent for service of process is CT Corporate Systems.

---

[1] See also *Johnson v. Tuff N Rumble Management, Inc.*, 1999 WL 1201891, * 8 (E.D.La. 1999) citing *Riche v. Ford Motor Co.*, 1992 WL 236941, at *2 (E.D.La. Aug. 31, 1992), *Stanga v. McCormick Shipping Corp.*, 268 F.2d 544, 554 (5th Cir. 1959), and *Folsom Venture South v. Hoechst Celanese Corp.*, 1996 WL 431127, *3 (E.D.La. 1996); *Amous v. Trustmark Nat. Bank*, 195 F.R.D. 607, 610 (N.D.Miss. 2000); *International Transactions, Ltd. v. Embotelladora*, 277 F.Supp.2d 654, 665 (N.D.Tex. 2002) citing *Umbenhauer* and *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir.), *cert. denied*, 513 U.S. 1016, 115 S.Ct. 577 (1994).

## CONCLUSION

Based on the foregoing, it is recommended that the citation and service directed to Academy, Ltd. via CT Corporate Systems should be quashed, and the Motion to Dismiss for insufficiency of citation and service of process [rec. doc. 9] should be **DENIED** at this time **Without Prejudice**. It is further recommended that McDonald be granted leave to amend her Complaint to name the proper Academy entity, Academy Louisiana Company, LLC, d/b/a Academy Sports and Outdoors, and granted a reasonable time within which to properly cite and serve this correct Academy entity with process.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this report and recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. Douglass v. United Services Automobile Association, 79 F.3d. 1415 (5th Cir. 1996).**

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Signed this 27 day of January, 2006, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE